JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEREMY SANTIAGO,

## 15 CV 2600

               Plaintiff.

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**

  -against-

THE CITY OF NEW YORK and POLICE
OFFICER CHRISTOP TROISI and
POLICE OFFICERS JOHN DOES,
Individually and in their Official Capacities,

          Defendants.
-------------------------------------------------------x



Plaintiff, JEREMY SANTIAGO, by and through his attorneys, **Fisher & Byrialsen,**

**PLLC,** complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JEREMY SANTIAGO, seeks relief

for defendants' violations, under color of state law, of his rights, privileges and immunities

secured by the 42 U.S.C. § 1983; the Fourth, Fifth and Fourteenth Amendments to the United

States Constitution; and the Constitution and laws of the State of New York.

2. Defendants, the City of New York and New York City Police Officers Christop Troisi

and John Does; individually and, as the case may be, in their official capacities, jointly and

severally, did cause plaintiff JEREMY SANTIAGO to be subject to, *inter alia*, an unreasonable

search, excessive and unreasonable force, false arrest and imprisonment, and malicious

prosecution, causing his loss of liberty and physical and mental injury.

1

3. Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7. Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## TRIAL BY JURY

8. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

9. At all times relevant hereto Plaintiff was and is a resident of New York, New York.

2

10.  At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

11.  At all times relevant to this action, Defendants Police Officer Christop Troisi and Police Officers John Does, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.  They are being sued in both their individual and official capacities.

12.  At all times relevant hereto and in all their actions described herein, the Defendants Officer Christop Troisi and Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

13.  NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD.  They are being sued both in their individual and official capacities.

## FACTS

14.  On August 4, 2013 plaintiff, a Hispanic male, was working his 8:00 a.m. to 3:00 p.m. shift at the Riverwalk Bar & Grill as a food deliverer.

15.  Plaintiff had arrived at work on time and began making deliveries, as needed.

16.  Consistent with the restaurant's policy, plaintiff was wearing a Riverwalk t-shirt and was making his deliveries by bicycle, which were provided to him by the restaurant.

17. Plaintiff was working continuously during his shift.

18. At the time of and prior to his arrest Plaintiff had not engaged in any illegal or suspicious activities.

19. Immediately before plaintiff was stopped by the police he rode his bicycle back to Riverwalk Bar & Grill from a food delivery.

20. Immediately after plaintiff arrived at Riverwalk Bar & Grill he was approached by two undercover police officers.

21. The officers took out their badges and asked plaintiff if the bicycle he was riding was his bicycle.

22. Plaintiff replied that the bicycle belongs to the restaurant and that he works there as a food deliverer.

23. At that time a police vehicle approached the scene and another officer told the officer to "take him."

24. Plaintiff's boss, Jonathan Hoo, spoke with the police officers and confirmed that plaintiff was an employee of the restaurant and that he was out on a delivery immediately before this encounter.

25. Plaintiff was transported to the precinct by the officers.

26. At the precinct there were a number of other individuals, who were unknown to plaintiff, that the officers had arrested near the Riverwalk Bar & Grill.

27. The officers checked plaintiff to see if he had any tattoos, and they confirmed that he did not have any.

4

28. Plaintiff was detained at the precinct for many hours with the other unknown individuals. During this time, plaintiff was fingerprinted, his mugshot was taken and he was issued a Desk Appearance Ticket charging him with Unlawful Assembly in violation of New York P.L. § 240.10, Disorderly Behavior in a New York City Park in violation of 56 RCNY 1-04(l)(5), and Disorderly Conduct in violation of New York P.L. § 240.20(5).

29. Plaintiff was jointly charged with the above referenced criminal charges as a co-defendant with the other individuals at the precinct who were not known to him.

30. The other individuals who were jointly charged with plaintiff all had addresses in Queens, NY, while plaintiff's address was a Manhattan address approximately a half mile from the Riverwalk Bar & Grill.

31. On September 11, 2013 plaintiff appeared in court and was arraigned on charges of Unlawful Assembly in violation of New York P.L. § 240.10, Disorderly Behavior in a New York City Park in violation of 56 RCNY 1-04(l)(5), and Disorderly Conduct in violation of New York P.L. § 240.20(5). The criminal complaint alleged that plaintiff was associated with a gang known as the Latin Kings.

32. Plaintiff has never had any affiliation or association whatsoever with any gang, including but not limited to the Latin Kings.

32. During the subsequent three months, plaintiff returned to court for two additional required court appearances.

33. On December 3, 2013 the charges against plaintiff were dismissed on the motion of the District Attorney's Office because the charges could not be proven beyond a reasonable doubt.

5

34. On December 3, 2013 the charges against plaintiff were dismissed and sealed.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS
### (General Allegations, Fourth, Fifth and Fourteenth Amendments)

35. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

37. All of the aforementioned acts deprived PLAINTIFF of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, including, but not limited to:

a. the right to be free from unreasonable searches of his person,

b. the right to be free from unreasonable seizure of her person, including excessive force,

c. the right to be free from arrest without probable cause,

d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which detention, plaintiff was aware and to which he did not consent.

e. the right to be free from the lodging of false charges against him by police officers,

f. the right to be free from abuse of process,

g. the right to be free from deprivation of liberty without due process of law, and

h. the right to equal protection, privileges and immunities under the laws.

38. All of the aforementioned acts were carried out in violation of 42 U.S.C. § 1983.

6

39. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

40. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

42. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
### FALSE ARREST

43. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

45. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of his liberty.

7

46. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.

### THIRD CLAIM FOR RELIEF:
### FALSE IMPRISONMENT

47. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. As a result of his false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of his liberty.

49. All of the aforementioned acts of the Defendants constituted false imprisonment under the laws of the State of New York and the United States Constitution and the Defendants are liable for said damage.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

50. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. By the actions described above the defendants maliciously and without probable cause, prosecuted Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and constitution of the State of New York.

52. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

8

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

53. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

54. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

55. Prior to August 4, 2013, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which caused the violation of Plaintiff's rights.

56. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

57. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: false arrest, false imprisonment, malicious prosecution, assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

58. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

9

59. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

61. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

63. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiff's constitutional rights.

64. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

65. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.     Not to be deprived of liberty without due process of law;

    b.     To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.     To be protected against violations of his civil and constitutional rights;

    d.     Not to have cruel and unusual punishment imposed upon him; and

    e.     To receive equal protection under the law.

## SIXTH CLAIM FOR RELIEF:
### FAILURE TO INTERVENE
### UNDER FOURTH AMENDMENT – 42 U.S.C. § 1983

66. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

67. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the police department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

68. The defendant officers were present on August 4, 2013 at 425 Main Street in New York, NY and in the vicinity of plaintiff's arrest and witnessed other officers, *inter alia*,

a. Search plaintiff without cause

b. Falsely arrest plaintiff, and

c. Use unlawful force against plaintiff, including handcuffing plaintiff.

11

69. The search of plaintiff's person was clearly made without probable cause, reasonable suspicion, or any other legal justification, yet defendants failed to take any action or make any effort to intervene, halt or protect plaintiff from the illegal search.

70. Defendants' violated plaintiff's constitutional rights by failing to intervene in the illegal search of plaintiff, his false arrest or Defendant Troisi and Officer John Doe's clearly unconstitutional use of force that resulted in injury and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
           March 31, 2015

Respectfully submitted,

Alissa Boshnack, Esq. (AB0977)
Kaitlin Nares, Esq. (KN2953)
FISHER & BYRIALSEN PLLC
*Attorneys for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007
(212) 962-0848